# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARYL LEON HANSON, | ) | 1:07mc00013 SMS |
| | ) | |
| | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| Plaintiff, | ) | WITH LEAVE TO AMEND |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE BUSH, BILL GATES, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Daryl Leon Hanson ("Plaintiff") filed the instant action on March 28, 2007. His complaint consists of one page and the exact nature of his claim is not apparent.

A.   <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the

1

grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Discussion

In his one-page complaint, Plaintiff simply states that he was "kidnaped on an illegal Texas warrant at the Ashlan and Blackstone 7-11 by a female Mexican police officer." He then states that he was extradited back to Oregon on a parole violation.

Plaintiff's complaint is deficient and fails to meet the pleading standard of Rule 8. It fails to state any basis for this Court's jurisdiction and wholly fails to state a short and plain statement of his claim. Although Plaintiff names George Bush and Bill Gates as Defendants, he does not make any allegations against them. Instead, Plaintiff sets forth a short narrative without any indication of his claims. Plaintiff also fails to state his requested relief.

In its current form, then, the complaint states no discernable claims for relief. The complaint is so deficient, in fact, that it is difficult for this Court to analyze. However, given

Plaintiff's status as a pro se litigant and the fact that the Court is unable to conclude that he cannot cure these deficiencies, Plaintiff will be granted leave to amend.

In amending his complaint, Plaintiff should consider the following:

President Bush is entitled to absolute immunity from damages liability predicated on his official acts. Nixon v. Fitzgerald, 457 U.S. 731, 755-756 (1982).

To the extent that Plaintiff is attempting to state a violation of his civil rights pursuant to 42 U.S.C. § 1983, he must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Finally, to the extent Plaintiff is challenging the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).

C.     Opportunity to Amend

As explained above, Plaintiff will be granted leave to amend to attempt to cure the above deficiencies. Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-220 requires that an amended complaint be

1  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
2  amended complaint supercedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th
3  Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any
4  function in the case.

5       Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED
6  WITH LEAVE TO AMEND.  Plaintiff may file an amended complaint within thirty (30) days of
7  the date of service of this order.  Plaintiff's complaint should be clearly titled, "First Amended
8  Complaint," and shall refer to the case number assigned to this action.  **If Plaintiff does not file**
9  **an amended complaint within this time frame, the Court will recommend that this action**
10 **be dismissed.**

12 IT IS SO ORDERED.

13 **Dated:   April 26, 2007**                     /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE