# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL LEON HANSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GEORGE BUSH, et al.,<br><br>　　　　　　Defendants. | 1:07cv0638 LJO SMS<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |

　　　　Plaintiff Daryl Leon Hanson ("Plaintiff") filed the instant action on March 28, 2007.[1]  On April 27, 2007, the Court dismissed the complaint with leave to amend and served the order on Plaintiff.  On May 9, 2007, the order was returned by the U.S. Postal Service as undeliverable.  The envelope stated "Forwarding Order Expired."

　　　　Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court advised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a Petitioner in propria persona by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

---

[1] This was formerly case number 1:07mc00013 SMS.

1

In the instant case, over sixty days have passed since Plaintiff's mail was returned and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since March 28, 2007.  The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability to communicate with Plaintiff based on his failure to keep the Court advised of his current address, no lesser sanction is feasible.

## **RECOMMENDATION**

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for Plaintiff's failure to prosecute.

This findings and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the

1 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
2 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
3 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4 Cir. 1991).

6 IT IS SO ORDERED.
7 **Dated:    July 24, 2007**                                         /s/ Sandra M. Snyder
                                                                       UNITED STATES MAGISTRATE JUDGE